**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-60493-BLOOM/Valle**

DOUG LONGHINI,

    Plaintiff,

v.

EQUITY ONE (SHERIDAN PLAZA) LLC,

    Defendant.

_____/

**ORDER ON MOTION TO STRIKE**

**THIS CAUSE** is before the Court upon Plaintiff Doug Longhini's ("Plaintiff") Motion to Strike Defendant Equity One (Sheridan Plaza) LLC's ("Defendant") Affirmative Defenses, ECF No. [16] (the "Motion"). The Court has carefully reviewed the Motion, the record, all supporting and opposing filings, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

    **I.**    **BACKGROUND**

On February 22, 2019, Plaintiff filed his Complaint, ECF No. [1], asserting a claim for violation of the Americans with Disabilities Act ("ADA") against Defendant. Defendant filed its Answer and Affirmative Defenses on March 19, 2019. ECF No. [8]. Plaintiff now moves to strike nine of Defendant's twelve affirmative defenses and Defendant's reservation of rights.

    **II.**    **LEGAL STANDARD**

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter," and grants courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same); *see also Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same). Despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)[1]); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. 2013) (calling Rule 12(f) a "draconian sanction").

Nevertheless, affirmative defenses will be stricken if insufficient as a matter of law. *See Morrison*, 434 F. Supp. 2d at 1319; *see also* Fed. R. Civ. P. 12(f). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Morrison*, 434 F. Supp. 2d at 1318 (internal quotations omitted).

---

[1] In *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (*en banc*), the court adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

2

### III.  DISCUSSION

#### A.  First Through Seventh Affirmative Defenses

Defendant has agreed to withdraw Affirmative Defenses 1, 2, 3, 4, 5, 6, and 7, requesting that the Court treat them as general denials.  *See* ECF No. [22] at 1.  Because these defenses point out defects in Plaintiff's prima facie case they are not affirmative defenses.  *In re Rawson Food Serv. Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1989).  The Court will instead of striking these defenses, treat them as denials.  *See Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1328 (S.D. Fla. 2011); *Royal Caribbean Cruises, Ltd. v. Jackson*, 921 F. Supp. 2d 1366, 1372-73 (S.D. Fla. 2013); *see also Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc.*, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008) ("The [] affirmative defense . . . that Premium Leisure has failed to state a claim. . . . is a denial of Premium Leisure's claim, rather than an affirmative defense.").

#### B.  Eighth Affirmative Defense

After Plaintiff filed the Motion, Defendant amended its Eighth Affirmative Defense.  *See* ECF No. [22] at 2.  Plaintiff "does not oppose Defendant's request to amend affirmative defense no. 8."  ECF No. [25] at 1.  As such, the Eighth Affirmative Defense as amended will not be stricken.

#### C.  Twelfth Affirmative Defense

Defendant's Twelfth Affirmative Defense states: "to the extent any ADA violations exist or have occurred within the subject tenant space referenced in the Complaint, the tenant is responsible for remedying same in accordance with any applicable leases or related agreements."  ECF No. [8] at 5.  Plaintiff argues that the Twelfth Affirmative Defense is legally insufficient because landlords and tenants are jointly and severally liable

for violations of Title III of the ADA regardless of the lease provisions between them. Defendant responds that the Affirmative Defense does not seek to undermine the general proposition that landlords and tenants are jointly and severally liable for alleged violations of Title III of the ADA. Rather, to the extent there are any violations of any interior tenant space alleged in Plaintiff's Complaint, then the particular tenant shall be ultimately responsible for remedying such violations pursuant to any lease agreement between Defendant and that tenant.

The Court agrees with Plaintiff. "[A] landlord and tenant are jointly liable for ADA violations in the tenant's establishment *regardless of any contractual provisions that shift liability*." *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) (emphasis added); *see also Raetano v. Bray*, No. 8:12-cv-966-T-24, 2012 WL 2979022, at *3 (M.D. Fla. July 20, 2012) ("Though a landlord and tenant may allocate responsibility for complying with the ADA by lease or other contract, that contractual allocation of responsibility has no effect on the rights of third parties."). Accordingly, the Twelfth Affirmative Defense is legally insufficient and is stricken.

### D. Reservation of Rights

Defendant's Answer and Affirmative Defense contains a "Reservation of Rights," which states that Defendant

> reserves the right to amend and/or supplement its Answer and Affirmative Defenses and/or to assert additional defenses upon the particularization of Plaintiff's claims, upon discovery and review of additional documents and information, and upon the development of other pertinent facts as discovery progresses.

ECF No. [8] at 5-6. The decision whether to allow amendment other than as of right rests within the Court's discretion. *Sport Mgmt. Sys., LLC v. Woolley Grp., LLC*, No. 15-cv-62224, 2016 WL 8793334, at *4 (S.D. Fla. May 11, 2016). A "reservation of rights within an answer

is essentially meaningless" and "does not prejudice [a party] in any way or somehow confer a right to amend . . . without the Court's approval." *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *6 (S.D. Fla. Apr. 26, 2013). Accordingly, it is not necessary to strike Plaintiff's reservation of rights. The Motion is denied as to Defendant's reservation of rights.

## IV.   CONCLUSION

For the reasons stated above, is it **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [16]**, is **GRANTED in part** and **DENIED in part**.
2. Defendant's Twelfth Affirmative Defense is **STRICKEN**.

**DONE AND ORDERED** in Chambers at Miami, Florida on May 23, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record